BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE OWNERSHIP OF LONGORIA BANK )
DEPOSITS LITIGATION                              )     DOCKET NO. 260

OPINION AND ORDER

---

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, STANLEY A. WEIGEL*, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

---

PER CURIAM

This litigation consists of an action pending in the Northern District of California (the California action) and an action pending in the Northern District of Texas (the Texas action).

Essentially, this litigation is a family dispute among the Longoria brothers and sisters and the children of a deceased sister, all of whom are Mexican citizens, concerning their ownership of the extensive and complex Longoria business enterprises in Mexico and, to a lesser extent, in the United States. The brothers allegedly operated under an agreement that all their business interests belonged to them equally even though they might hold title to certain interests in different proportions, or in the name of

---

*Although Judges Wisdom, Lord and Weigel were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

one of them, or in a third party's name. Octaviano, the oldest brother, acted as head of the Longoria family. Prior to this litigation, he managed Empresas Longoria S.A. (Empresas), a Mexican corporation allegedly owned by the five Longoria brothers. After consulting with his brothers, Octaviano allegedly made investments in other businesses with money belonging to Empresas. Occasionally, Octaviano allegedly would assign these investments back to Empresas to cancel or reduce the account that was debited upon making the investments. These withdrawals, debiting and crediting of accounts, and reassignments of stock were allegedly merely bookkeeping exercises made with the understanding that the five brothers ultimately owned the investments equally, subject to any indebtedness.

One of the investments made by Octaviano from funds allegedly belonging to Empresas was the purchase of a substantial portion of the stock of a Mexican real estate development company named Bosques de las Lomas, S.A. (Bosques). In the early 1970's, the Longorias, in an alleged series of transactions designed to produce favorable Mexican tax consequences for Bosques, made various deposits in a branch of the Bank of America National Trust and Savings Association (Bank of America), located in Panama City, Panama and in the Republic National Bank of Dallas (Republic) in Dallas, Texas for the benefit of Bosques'

stockholders. Bosques simultaneously borrowed the same amounts as deposited, using the deposits as security for the loans. It is alleged that these deposits were made at the direction of Octaviano in the names of Octaviano and/or his brother Federico on the premise that Octaviano was recognized by Bosques as the nominal shareholder of the Longoria brothers' interests. After these deposits were made, interest was allegedly paid to Bosques, which in turn used the monies to pay the interest on the loans it had made with Republic and Bank of America. Any interest differential owed to the banks was allegedly satisfied by Empresas. Bosques apparently has now fully repaid the loans to both banks.

Following Octaviano's alleged mismanagement of Empresas, Octaviano resigned from managing Empresas in 1975. The management of all the Longoria companies, including Empresas, then allegedly was turned over to the four remaining brothers. Octaviano now claims to own substantially all the Longoria businesses and all the funds that were deposited in Bank of America and Republic. His brothers dispute these claims. After Octaviano left Empresas, the other brothers advised Bank of America and Republic of their disagreement with Octaviano over the ownership of the funds that were deposited in those banks, and each bank has since refused to disburse the funds or interest on those funds to Empresas, to Bosques, or to any of the brothers.

Octaviano instituted the Texas action in May, 1975 against Republic claiming that all interest payments due on the deposits of over $4,000,000 with Republic should correctly have been paid to Octaviano. Octaviano also sought an injunction requiring Republic to carry all of the deposits in his name alone.

Empresas intervened in the Texas action as a defendant, impleading into this contest all the Longoria brothers except Octaviano. In its intervention complaint, Empresas claims that ownership of the funds deposited with Republic is dependent upon ownership of 40,000 shares of Bosques held by Longoria interests at the time the deposits were made. Empresas alleges that the brothers transferred ownership in 24,000 shares of Bosques (representing 60% of the funds deposited with Republic) to Empresas as repayment for certain debts they owed to Empresas. The complaint further claims that Octaviano acquired ownership of an additional 16,000 shares of Bosques (representing 40% of the funds deposited with Republic) for Empresas by the exercise of preemptive rights in his capacity as presiding officer of Empresas. Thus, Empresas alleges that it is entitled to all the funds deposited with Republic.

The four Longoria brothers other than Octaviano, impleaded as defendants in the Texas action, claim that the

Republic funds are owned by Empresas and that the Empresas stock is beneficially owned in equal shares by the five brothers. Alternatively, these four brothers claim that the funds are owned by the five brothers in equal shares.

Republic filed a claim for interpleader against the five Longoria brothers in the Texas action, claiming that conflicting demands had been made upon Republic concerning the funds in question and the interest due on those funds. Republic alleged that it might be exposed to multiple liability without the court's intervention.

In late 1975, the Texas court dismissed Republic from the Texas action and ordered the deposit of the funds on account with Republic into the registry of the court pending disposition of this action.

Finally, two Longoria sisters and the four children of a third Longoria sister who is deceased have intervened as plaintiffs in the Texas action, each claiming a portion of the disputed funds as alleged heirs of the deceased mother of the Longoria brothers and sisters.

The California action was commenced in April, 1976 by Empresas against Bank of America. Empresas alleges that $4,000,000 was deposited in Bank of America's Panama City, Panama branch in 1970 for the account of "Octaviano L. Longoria and/or Federico Longoria," each individually acting as a trustee for Empresas' benefit. Bank of America, in turn, issued two certificates of deposit evidencing

the amount deposited, Empresas alleges, which were pledged to Bank of America as security for a loan made in approximately the same amount to Bosques. Because these certificates of deposit subsequently matured and the pledge of these certificates to Bank of America was discharged, Empresas claims that the $4,000,000 evidenced by these certificates is Empresas' property. Bank of America, however, has refused to turn these funds over to Empresas, the complaint charges, requiring Empresas to institute this action against Bank of America for these funds plus interest.

Thereafter, Octaviano intervened as a plaintiff in the California action contending that he owns the $4,000,000 that was deposited with Bank of America. In addition, Octaviano alleges that from 1974 until the present, Bank of America has wrongfully refused to pay him any interest due on that principal.

The four remaining Longoria brothers have also intervened as plaintiffs in the California action. Their complaint in intervention alleges that plaintiff Empresas is entitled to the funds deposited with Bank of America and that the five brothers own Empresas in equal shares. If

a determination in this action holds that any portion of the disputed funds is not Empresas', then these intervening plaintiffs alternatively allege that the funds are the property of the five Longoria brothers equally.

The two Longoria sisters and the children of the third (deceased) Longoria sister, all of whom have intervened in the Texas action, see p. 5 supra, have also intervened in the California action and allege various ownership interests in the funds involved in this action.

Bank of America filed claims for interpleader against Empresas and the five Longoria brothers in the California action. Bank of America alleged that it had had several demands made upon it by the interpleader defendants and that it might be subject to multiple liability without the court's intervention.

The California court has dismissed Bank of America from the California action, and, pursuant to the court's order, the disputed funds are now on deposit at the Wells Fargo Bank, San Francisco, California. The California court has also denied Octaviano's motion for summary judgment.

Empresas and the four Longoria brothers other than Octaviano move the Panel for an order transferring the California action to the Northern District of Texas for coordinated or consolidated pretrial proceedings pursuant

to 28 U.S.C. §1407 with the action pending there. Octaviano originally opposed transfer, but after the Panel hearing on this matter Octaviano changed his position and now agrees with movants that both actions belong in the same district for Section 1407 pretrial proceedings. Octaviano still disagrees with movants' choice of the Northern District of Texas as the transferee forum for this litigation and instead urges the Panel to transfer both the California and Texas actions to the Southern District of Texas.

We find that these actions involve common questions of fact and that transfer of the California action to the Northern District of Texas for coordinated or consolidated pretrial proceedings under Section 1407 with the action pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

A careful review of the complaints, answers and counterclaims in this litigation reveals that these two actions share numerous complex factual questions concerning the ownership of funds originally deposited with Bank of America and Republic, and the right to payment of interest on those funds. This litigation will focus not only upon the deposit transactions themselves, but also upon complex matters of corporate structure, financial dealings, tracing of funds through many years of mutations and transactions,

and intra-family relationships and arrangements, any or all of which may be determinative of the ownership of the funds. We also note that, because Bank of America and Republic have been dismissed from, respectively, the California and Texas actions, there is a complete identity of parties in these two actions. Section 1407 proceedings will thus prevent inconsistent pretrial rulings and avoid the possibility of duplicative discovery. <u>Compare</u> <u>In re Scotch Whiskey</u>, 299 F. Supp. 543, 544 (J.P.M.L. 1969) <u>with</u> <u>In re Japanese Electronic Products Litigation</u>, 388 F. Supp. 565, 567 (J.P.M.L. 1975).

Octaviano argues that there is likely to be a language problem in the processing of these actions because all the parties and many of the potential witnesses are citizens of Mexico, and that therefore these actions should be transferred to the Southern District of Texas and assigned to either of two judges who normally sit in that district and are fluent in Spanish. Moreover, Octaviano contends, related litigation is pending in the state courts of Texas at Laredo, which is located in the Southern District of Texas.

On balance, however, we agree with movants' selection of the Northern District of Texas as the transferee forum because the reasons for choosing that district are more compelling. The Panel has traditionally been reluctant

- 10 -

to select a transferee forum wherein none of the actions under consideration for transfer is pending. See, e.g., In re Celotex Corp. "Technifoam" Products Liability Litigation, 68 F.R.D. 502, 505 (J.P.M.L. 1975). Neither of the actions in this litigation, of course, is currently pending in the Southern District of Texas, and no judge in that district is familiar with the complex factual issues involved in these actions. Of the districts wherein the two actions before us are pending, the Northern District of Texas is preferable because the action pending there is more advanced than the action pending in the Northern District of California. Judge Sarah T. Hughes, before whom the Texas action is pending, has had an opportunity to become thoroughly familiar with the complex factual issues presented here, and thus is in the best position to supervise these actions toward their most just and efficient termination. See In re Griseofulvin Antitrust Litigation, 305 F. Supp. 1402, 1403 (J.P.M.L. 1975). Furthermore, we are confident that Judge Hughes will take all necessary steps to minimize any language problems that may arise in this litigation.

IT IS THEREFORE ORDERED that the action listed on the following Schedule A and pending in the Northern District of California be, and the same hereby is, transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Sarah T. Hughes for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with the action pending in that district and listed on Schedule A.

SCHEDULE A

DOCKET NO. 260

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Empresas Longoria, S.A., a corporation v. Bank of America, et al. | Civil Action No. C-76-731-RFP |

NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Octaviano L. Longoria v. Republic National Bank of Dallas | Civil Action No. CA3-75-0567-B |